UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRONT CARRIERS LTD.,                          :

                 Plaintiff,               :               07 Civ. 6333 (KMK)

- against -                                                  :
                                                                ECF CASE
TRANSFIELD ER CAPE LTD.,               :

                 Defendant.             :
-----------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT TRANSFIELD ER CAPE LTD.'s ORDER
TO SHOW CAUSE WHY MARITIME ATTACHMENT SHOULD NOT BE VACATED**

Pursuant to Supplemental Rule E(4)(f) of the Federal Rules of Civil Procedure, Defendant Transfield ER Cape Ltd. (hereinafter "Transfield" or "Defendant") by and through its undersigned counsel, Lennon, Murphy & Lennon, LLC, respectfully submits this Memorandum of Law in support of its Motion by Order to Show Cause seeking to Vacate the July 7, 2007 Ex Parte Order for issuance of process of maritime attachment and garnishment ("PMAG") issued pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B") and for dismissal of the Verified Complaint. Transfield otherwise reserves all of its rights and remedies, including but not limited to those under Supplemental Admiralty Rule E(6) and (7).

**FACTS**

Plaintiff, Front Carriers Ltd. ("FCL" or "Plaintiff") commenced this action on July 11, 2007 claiming damages against Transfield for an alleged breach of a contract of affreightment ("COA") entered into between the parties on August 9, 2005. *See accompanying Declaration of Steve Tse ("Tse Decl.") ¶3.* The COA provided for the carriage of multiple cargoes of coal from

various optional ports in Australia to various optional ports in Western Europe. Particularly, FCL alleged that Transfield failed to perform its final two liftings under the COA causing FCL to sustain damages in relation to lost profits and the costs of chartering in replacement tonnage. *Tse Decl.* ¶5

In reference to the first lifting, FCL claims that Transfield wrongfully nominated a vessel for loading in March 2007, instead of May 2007, and wrongfully refused to accept Plaintiff's alternative port nomination. *Tse Decl.* ¶6. However, in actuality, FCL had already committed itself to a nomination in March of 2007 and Transfield dutifully provided a vessel at that time. *Tse Decl.* ¶7.

FCL's claims that it made a nomination for May of 2007 are untrue. FCL never officially made a nomination for May 2007. Rather, it changed its mind many times and insisted on a variety of entirely different voyages. *Tse Decl.* ¶9. FCL <u>did not comply with the nomination process</u> and sought to change its instructions once Transfield had already committed itself to the nominated voyage. *Tse Decl.* ¶10. Thus, FCL's change of nomination was invalid under the COA. *Tse Decl.* ¶11.

All of FCL's alleged "damages" are all a result of its own refusal to perform the voyages which it nominated and which Transfield took steps to perform. *Tse Decl.* ¶11. As Transfield provided the vessel in response to FCL's proper nomination, all damages alleged by the FCL were caused by its own negligence and thus are for its own account.

FCL also claims that Transfield failed to perform the second lifting. However, for the same reasons as stated above, FCL's damages in relation to the second lifting are a result of its own negligence and poor planning. Thus, Transfield is not liable for those damages either. *Tse Decl.* ¶15.

FCL alleges in its Verified Complaint that it was preparing to initiate arbitration in France on its claims. However, over a month and a half later, <u>Transfield has received no notification</u> that arbitration proceedings have been initiated. *Tse Decl.* ¶*17.* Upon FCL's application in this action, however, the Court issued an Ex-Parte Order of Maritime Attachment, directing the garnishee banks provided for therein to restrain Transfield's property up to the amount of $14,321,644.30. Thereafter, FCL proceeded to serve the PMAG on various garnishee banks within the Southern District of New York. Over the period of the next several weeks, various electronic funds transfers being routed through the garnishee banks were attached pursuant to the Ex Parte Order and PMAG.

Pursuant to the Ex-Parte Order and PMAG, electronic wire transfers going to or from Transfield have been attached by HSBC USA Bank in the amounts of $721,392.86 and $1,054,712.57, by Bank of America in the amount of $436,692.60, and by J.P. Morgan Chase in the amounts of $3,478.31 and $1,011,375.00. *Tse Decl.* ¶*20.* Thus, FCL is restraining a total amount of $3,227,651.34 as security for its claims. However, it bears emphasizing that <u>Transfield has not been informed that there is any underlying arbitration for which the above amount would serve as security.</u> *Tse Decl.* ¶¶ *9, 21.* FCL continues to serve the Ex-Parte Order and PMAG on the garnishee banks searching for additional security for an arbitration which, upon information and belief, has not even yet been initiated. FCL's failure to prosecute its alleged claim is causing extreme prejudice to the Transfield, and underscores the total lack of merit of FCL's claims. As FCL's application for security is premature and otherwise inequitable, Transfield's motion to vacate should be granted.

## ARGUMENT

### POINT I

### UNDER RULES B AND E, THE PLAINTIFF BEARS THE BURDEN OF ESTABLISHING THE DEFENDANTS' INTEREST IN THE FUNDS ATTACHED

A Rule B maritime attachment will not issue unless the plaintiff can establish that: (1) it has alleged a maritime claim against the defendant; (2) the defendant is not present in the district; (3) defendant's property can be found in the district; and (4) no other statutory bar to maritime attachment exists. *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 439, 445 (2d Cir. 2006). In addition, "a district court *must vacate* an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E." *Id.* (emphasis added). Rule E(4)(f) further provides that "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." *J.K. Int'l, Pty., Ltd. v. Agriko S.A.S.*, 2007 U.S. Dist. LEXIS 10074, * 6-7 (quoting Fed. R. Civ. P. Supp. R. E(4)(f))(S.D.N.Y. 2007).

Thus, it is a Plaintiff's burden at the post-attachment hearing to show that it has met all of the requirements of Rule B as set out in the Second Circuit's decision in *Aqua Stoli, supra.* As is established by the supporting Declaration of Steven Tse and herein, Plaintiff will be unable to carry its burden because it has asserted a completely speculative and premature claim for relief.

## POINT II

### THE ATTACHMENT MUST BE VACATED BECAUSE FCL HAS FAILED TO ASSERT A RIPE MARITIME CLAIM AND THE ATTACHMENT OF TRANSFIELD's PROPERTY IS OTHERWISE INEQUITABLE

FCL will be incapable of meeting its burden under Supplemental Admiralty Rule E(4)(f) to show cause why the attachment of Transfield's assets should not be vacated because no matter how it may attempt to portray its claim against Transfield in respect of the arbitration in France, at this point such claim at least in the action before this Court is nothing more than an unripe, premature claim for damages. FCL's claim is unquestionably premature because at the time it commenced this action, and even now, it has not even initiated the underlying arbitration proceeding upon which the action is based. Put another way, because FCL's claim is premature and theoretical, it has not asserted a *prima facie* valid maritime claim sufficient to justify utilization of Supplemental Admiralty Rule B. Lack of a prima facie valid maritime claim is one of the bases recognized by the Second Circuit in *Aqua Stoli* for vacatur under Supplemental Admiralty Rule E of a maritime attachment. *Aqua Stoli*, 460 F.3d at 445.

In addition, the attachment of Transfield's property under the circumstances is inequitable because FCL has not even taken the first step toward prosecuting a claim against Transfield, *i.e.* the commencement of arbitration in France to obtain an award against Transfield that can enforced in New York. The *Aqua Stoli* Court made clear that its holding setting forth the general bases upon which an attachment may be vacated was not exclusive. In particular, the Court noted that:

> a district court must vacate an attachment if the plaintiff fails to sustain his burden of showing that he has satisfied the requirements of Rules B and E. ***We also believe vacatur is appropriate in other limited circumstances.***

*Aqua Stoli*, 460 F.3d at 445 (emphasis added). The Court approvingly referred to a district court's inherent equitable powers to vacate an inequitable attachment, stating: "Although Rule E does not explicitly mention a district court's equitable power to vacate an attachment or who bears such a burden, former Local Rule 12 required the defendant to establish any *equitable* grounds for vacatur, and we believe that defendants still bear that burden." *Id.* at fn. 5 (emphasis added). The *Aqua Stoli* Court clearly countenanced the vacatur of an inequitable attachment, such as the one involved here. Thus, even if Plaintiff were able to establish that its premature claim constituted a *prima facie* valid maritime claim, this Court nevertheless would be within its discretion to vacate the attachment on equitable grounds since Plaintiff has attached in excess of $3 million of Transfield's property seeking security for a purely theoretical arbitration award it hopes to obtain in a proceeding it has yet to even commence.

While Rule B attachment is decidedly "pre-judgment," this does excuse plaintiffs from their duty to prosecute their underlying claims diligently. Thus, if a plaintiff fails to commence an action immediately after seeking the attachment, it runs afoul of Article III's "case or controversy" requirement. If a plaintiff has no case or controversy, the Court must dismiss it for lack of standing. "It is axiomatic that federal courts may not decide hypothetical questions, but may only rule on concrete cases or controversies." *See Industrial Maritime Carriers (Bah.), Inc. v. UT Freight Serv. (U.S.A.), Ltd.*, 2000 U.S. Dist. LEXIS 1163, 7-8 (S.D.N.Y. 2000) *citing Cargill, Inc. v. Charles Kowsky Resources, Inc.*, 949 F.2d 51, 56 (2d Cir. 1991) (citing U.S. Const. Art. III, § 2, cl. 1). Furthermore, a "case or controversy' does not exist when the factual events forming the basis of a claim have not yet occurred." *See Id.*

Plaintiff is seeking security for an ultimate arbitration award in France. *See Plaintiff's Verified Complaint ¶ 14*. However, the factual events forming the basis of this claim do not

6

exist. Particularly, there can be no award if there is no arbitration. As the facts underlying Plaintiff's request for security are hypothetical, Plaintiff's claim <u>must be dismissed for</u> lack of subject matter jurisdiction.

Accordingly, to the extent Plaintiff will claim money damages against Transfield in this proceeding on the basis of events and proceedings in France, its claim is by definition unripe and premature because it has yet to initiate those proceedings. To put it colloquially, FCL has "jumped the gun" and abusively attached in excess of $3 million of Transfield's property in this action for enforcement of an arbitration award that is purely hypothetical and speculative since the arbitration proceeding has not yet even been commenced. As has been previously held in the context of a motion to vacate a Rule B attachment, it is the plaintiff's burden to prove its claim is ripe. *J.K. Int'l, Pty., Ltd. v. Agriko S.A.S.*, 2007 U.S. Dist. LEXIS 10074, * 11 (S.D.N.Y. 2007) (discussing unripe indemnity claim); see also *Eitzen Sealift A/S v. Cementos Andinos Dominicanos, SA*, 2005 U.S. Dist. LEXIS 19876, 2005 WL 2218025, at *2 (S.D.N.Y. Sept. 9, 2005) (holding that attachment was premature because London arbitration had not been initiated).

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that this Court grant the motion of Defendant, Transfield ER Cape Ltd., to vacate the attachment and dismiss the Verified Complaint.

Dated: August 24, 2007
New York, NY

                              The Defendant,
                              TRANSFIELD ER CAPE LTD.

                      By: _____\s_____
                              Patrick F. Lennon (PL 2162)
                              Nancy R. Peterson (NP 2871)
                              LENNON, MURPHY & LENNON, LLC
                              The GrayBar Building
                              420 Lexington Ave., Suite 300
                              New York, NY 10170
                              (212) 490-6050 – phone
                              (212) 490-6070 – fax
                              pfl@lenmur.com
                              nrp@lenmur.com