UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRONT CARRIERS LTD.

                    Plaintiff,                07 Civ. 6333 (KMK)

   - against -

                                              ECF CASE

TRANSFIELD ER CAPE LTD.,

                    Defendant.
------------------------------------------------------------X

## DECLARATION OF STEVE TSE
## IN SUPPORT OF TRANSFIELD ER CAPE LTD'S
## MOTION TO VACATE MARITIME ATTACHMENT

Steve Tse declares under penalty of perjury of the laws of the United States of America as follows:

1.     I am the Senior Manager of the Defendant herein, Transfield ER Cape Ltd. ("Transfield").

2.     I submit this Declaration based on facts and information known to me personally, as well as documents and information available to me, all of which I believe to be true and accurate.

3.     Plaintiff, Front Carriers Ltd. ("FCL" or "Plaintiff") commenced this action on July 11, 2007 claiming damages against Transfield for an alleged breach of a contract of affreightment ("COA") entered into between the parties on August 9, 2005.

4.     The COA provided for the carriage of multiple cargoes of coal from various optional ports in Australia to various optional ports in Western Europe.

5.  Particularly, FCL allege that Transfield failed to perform its final two liftings under the COA causing FCL to sustain damages in relation to lost profits and the costs of chartering in replacement tonnage.

6.  In reference to the first lifting, FCL claims that Transfield wrongfully nominated a vessel for loading in March 2007, instead of May 2007, and wrongfully refused to accept FCL's alternative port nomination.

7.  However, in actuality, FCL did commit itself to a nomination in March of 2007, and Transfield dutifully provided a vessel at that time.

8.  FCL's claim that it made a nomination for May of 2007 is untrue.

9.  FCL never officially made a nomination for May 2007. Rather, it changed its mind many times and insisted on a variety of entirely different voyages.

10. FCL <u>did not comply with the nomination process</u> and sought to change its instructions once Transfield had already committed itself to the nominated voyage.

11. Thus, FCL's change of nomination was not valid.

12. All of FCL's alleged "damages" are all a result of its own refusal to perform the voyages which it nominated and which Transfield took steps to perform.

13. As Transfield provided the vessel in response to FCL's nomination, all damages alleged by FCL were caused by its own negligence and thus are for its own account.

14. FCL also claims that Transfield failed to perform the second lifting.

15. However, for the same reasons as stated above, FCL's alleged damages in relation to the second lifting are a result of its own negligence and poor planning. Thus, Transfield is not liable for those damages either.

16. FCL alleged in its Verified Complaint that it was preparing to initiate arbitration in France on its claims.

17. However, over a month and a half later, <u>Transfield has received no notification that arbitration proceedings have been initiated.</u>

18. Upon FCL's application, the Court issued an Ex-Parte Order of Maritime Attachment, directing the garnishee banks provided for therein to restrain Transfield's property up to the amount of $14,321,644.30.

19. Thereafter, FCL proceeded to serve the PMAG on various garnishee banks within the Southern District of New York. Over the period of the next several weeks, various electronic funds transfers being routed through the garnishee banks were attached pursuant to the Ex Parte Order and PMAG.

20. Pursuant to the Ex-Parte Order and Writ, electronic wire transfers going to or from Transfield have been attached by HSBC in the amounts of $721,392.86 and $1,054,712.57., by Bank of America in the amount of $436,692.60, and by J.P. Morgan Chase in the amounts of $3,478.31 and $1,011,375.00.

21. Thus, FCL is restraining a total amount of $3,227,651.34 as security for its claims. However, <u>Transfield has not been informed that there is any underlying arbitration for which the above amount would serve as security.</u>

22. FCL continues to serve the Ex-Parte Order and Writ on the garnishee banks searching for additional security for an arbitration which, upon information and belief, has not been initiated.

23.  FCL's failure to prosecute its alleged claim is causing extreme prejudice to Transfield and belies the claims which lack any merit.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on August 24, 2007

_____
STEVE TSE

## AFFIRMATION OF SERVICE

I hereby certify that on August 24, 2007, a copy of the foregoing Declaration of Steve Tse will be served by FedEx, facsimile or e-mail on the following parties:

Michael J. Frevola
Lissa D. Schaupp
Attorneys for Plaintiff
195 Broadway
New York, NY 10007-3189
(212) 513-3200

_____
Patrick F. Lennon