Michael J. Frevola
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
(212) 513-3200

ATTORNEYS FOR PLAINTIFF
FRONT CARRIERS LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRONT CARRIERS LTD.,<br><br>Plaintiff,<br><br>-against-<br><br>TRANSFIELD ER CAPE LTD.,<br><br>Defendant. | 07 Civ. 6333 (KMK)<br><br>**AFFIRMATION OF<br>JON FLAATEN PURSUANT<br>TO 28 U.S.C. § 1746 IN<br>SUPPORT OF PLAINTIFF'S<br>OPPOSITION TO DEFENDANT'S<br>MOTION TO VACATE<br><u>MARITIME ATTACHMENT</u>** |

I, JON FLAATEN, hereby affirm as follows:

1. I am the Chartering Manager of Golden Ocean Management AS, the commercial manager of Plaintiff Front Carriers Ltd. In my capacity as Chartering Manager, I obtain vessels for use by Front Carriers through time charters, voyage charters and contracts of affreightment. I am fully familiar with the facts provided below.

2. Front Carriers entered into its contract of affreightment with Transfield ER Cape Ltd. ("COA") for the purpose of fulfilling its own lifting requirements under a separate contract of affreightment with a third-party charterer ("Atic"). Front Carriers obtained the Transfield



COA on "back to back" terms so that the COA with Transfield fulfilled Front Carriers' obligations to Atic under that separate contract of affreightment.

3. I understand that Transfield has claimed that it provided a vessel in response to a nomination under the COA for March 2007, which was supposed to satisfy lifting number four of five under the COA. Transfield's representation is not correct. Front Carriers sought to employ the Transfield vessel in March 2007 in order to mitigate its damages that were going to accrue as a result of Transfield refusing to provide a vessel in May 2007 to satisfy the fourth lifting under the COA. Transfield, however, was not willing to send the vessel to the ports nominated by Front Carriers and the vessel never was presented.

4. I also understand that Transfield has claimed that Front Carriers is responsible for its own damages for the unfulfilled fifth lifting because of its own negligence and poor planning. Once again, this statement is incorrect. Transfield once again refused to provide a vessel in accordance with Front Carriers' request, which sought a vessel during the first two weeks of September 2007. Instead, Transfield advised Front Carriers that it could provide a vessel during the first two weeks of August 2007. After the previous attempt at mitigation had failed with Front Carriers being damaged even further, Front Carriers refused to take the offered vessel in mitigation and instead has claimed for Transfield's failure to perform.

5. With regard to Front Carriers' exact amount of damages, I still cannot calculate the exact amount because the voyage of the substitute vessel chartered in to perform in place of the Transfield vessel that should have performed will not be completed until approximately November 15, 2007. As indicated above, the loading dates for the cargo are in the first two weeks of September 2007 and the estimated time of the voyage (with normal operational delays)



is approximately two months from arrival at the load port. After that, Front Carriers' damages will be known with greater certainty.

WHEREFORE, it is respectfully requested that this Court deny the Defendant Transfield's motion to vacate the Order of Attachment issued in this proceeding, and grant such other and further relief to the Plaintiff as may be appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 28th day of August, 2007 at Oslo, Norway

_____
JON FLAATEN

## ATTORNEY'S AFFIRMATION OF SERVICE

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF NEW YORK       )

     RUDY D. GREEN, an attorney admitted to practice in the Courts of the State of New York, affirms under penalty of perjury:

     That on August 28, 2007, I served a true copy of the attached Affirmattion, via email to the following:

     Patrick F. Lennon, Esq.
     Lennon, Murphy & Lennon LLC
     pfl@lenmur.com

Dated: August 28, 2007

_____
           RUDY D. GREEN