UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRONT CARRIERS LTD.,                              :

                    Plaintiff,        :        07 Civ. 6333 (JSR)

  - against -                                                :
                                                          ECF CASE
TRANSFIELD ER CAPE LTD.,                      :

                    Defendant.     :
------------------------------------------------------------X

## ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant, TRANSFIELD ER CAPE LTD., by and through its undersigned counsel, Lennon, Murphy & Lennon, LLC, answering the allegations set forth in Plaintiff's Amended Verified Complaint alleges, upon information and belief, as follows:

1. Admitted.

2. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 2 of the Amended Verified Complaint.

3. Admitted.

4. Admitted.

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 5 of the Amended Verified Complaint.

6. Denied.

7. Admits that the COA Rider contains a "nomination clause" and except as so admitted, denies the remaining allegations set forth in paragraph 7 of the Amended Verified Complaint.

8. Admits that the COA contained a 45 day notice provision and, except as so admitted, denies the remaining allegations set forth in paragraph 8 of the Amended Verified Complaint.

9. Admits that the COA contained a 10 day nomination provision and, except as so admitted, denies the remaining allegations set forth in paragraph 9 of the Amended Verified Complaint.

10. Admits that the COA's rider contains a section 11(a) and, except as so admitted, denies the remaining allegations set forth in paragraph 10 of the Amended Verified Complaint.

11. Admits that the first three liftings under the COA were performed and, except as so admitted, denies the remaining allegations set forth in paragraph 11 of the Amended Verified Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 12 of the Amended Verified Complaint.

13. Admits that Plaintiff nominated a fourth lifting under the COA on or about November 22, 2006 and, except as so admitted, denies the remaining allegations set forth in paragraph 13 of the Amended Verified Complaint.

14. Denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Admits that Transfield nominated and Plaintiff accepted the M/V C. MARCH for the March lifting and, except as so admitted, denies the remaining allegations set forth in paragraph 20 of the Amended Verified Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 21 of the Amended Verified Complaint.

22. Denied.

23. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 23 of the Amended Verified Complaint.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Admits that on or about June 4, 2007 Plaintiff nominated the fifth lifting under the COA and, except as so admitted, denies the remaining allegations set forth in paragraph 28 of the Amended Verified Complaint.

29. Denied.

30. Admits that Plaintiff attempted to alter the terms of its June 4, 2007 nomination and, except as so admitted, denies the remaining allegations set forth in paragraph 30 of the Amended Verified Complaint.

31. Denied.

32. Denied.

33. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 33 of the Amended Verified Complaint.

34. Denied.

35. Admits that the COA contained a freight rate schedule.

36. Denied.

37. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 37 of the Amended Verified Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 38 of the Amended Verified Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 39 of the Amended Verified Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 40 of the Amended Verified Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 41 of the Amended Verified Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 42 of the Amended Verified Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 43 of the Amended Verified Complaint.

44. Denied.

45. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 45 of the Amended Verified Complaint.

46. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 46 of the Amended Verified Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations

set forth at paragraph 47 of the Amended Verified Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 48 of the Amended Verified Complaint.

49. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 49 of the Amended Verified Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 50 of the Amended Verified Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 51 of the Amended Verified Complaint.

52. Denied.

53. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 53 of the Amended Verified Complaint.

54. Denied.

55. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 55 of the Amended Verified Complaint.

56. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 56 of the Amended Verified Complaint.

57. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 57 of the Amended Verified Complaint.

58. Denies knowledge or information sufficient to form a belief as to the allegations set forth at paragraph 58 of the Amended Verified Complaint.

59. Denied.

60. Admits French law governs all disputes between the parties under the COA and,

except as so admitted, denies knowledge or information sufficient to form a belief as to the remainder of the allegations set forth at paragraph 60 of the Amended Verified Complaint.

61.    Denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

The Amended Verified Complaint fails to state a cause of action upon which relief may be granted.

#### Second Affirmative Defense

Defendant is not liable to Plaintiff on the causes of action alleged in the Amended Verified Complaint.

#### Third Affirmative Defense

This Court lacks personal jurisdiction over the Defendant.

#### Fourth Affirmative Defense

This Court lacks subject matter jurisdiction over this dispute.

#### Fifth Affirmative Defense

This Court lacks *quasi in rem* jurisdiction over the Defendant.

#### Sixth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

#### Seventh Affirmative Defense

Plaintiff's claims are barred by the equitable doctrine of laches.

#### Eighth Affirmative Defense

Any damages sustained by the Plaintiff, as alleged in the Amended Verified Complaint, were proximately, directly or solely caused by the negligent acts of third persons whom Defendant had and has no direction or control.

### Ninth Affirmative Defense

Plaintiff knowingly and intentionally assumed any and all risk inherent in the shipment of goods at issue by sea, which is a complete bar to recovery.

### Tenth Affirmative Defense

Any damages that may have been sustained by Plaintiff, as alleged in the Amended Verified Complaint, occurred as a direct result of Plaintiff's own negligent conduct, and not by any negligence of Defendant and as such Plaintiff is barred from recovery in this action.

### Eleventh Affirmative Defense

Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in Plaintiff's Amended Complaint, and its recovery, if any, must be diminished in proporation thereto.

### Twelfth Affirmative Defense

Plaintiff has failed to mitigate its damages.

### Thirteenth Affirmative Defense

The forum is inconvenient and the Amended Verified Complaint should be dismissed pursuant to the doctrine of Forum Non-Conveniens.

### Fourteenth Affirmative Defense

This action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

### Fifteenth Affirmative Defense

Plaintiff has failed to make proper service of process upon Defendant.

### Sixteenth Affirmative Defense

This Answer and Counter-claim is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

### Seventeenth Affirmative Defense

The claims for which security is sought are contingent, unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of Defendant's property.

### Eighteenth Affirmative Defense

All disputes between the parties are subject to arbitration in the City of Paris, France.

### Nineteenth Affirmative Defense

The claims for which security is sought are contingent, unaccrued, premature and/or not ripe for adjudication and should result in the vacatur of any attachment of Defendant's property.

### COUNTERCLAIM

As and for its Counterclaim against the Plaintiff, Defendant, Transfield ER Cape Ltd. alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

2. At all material times Defendant was a foreign business entity formed under the laws of the British Virgin Islands with a principal place of business in Hong Kong, China.

3. At all material times, Plaintiff was a Liberian corporation with a principal place of business in Oslo, Norway.

4. On or about August 9, 2006, Defendant entered into a Contract of Affreightment ("COA") with Plaintiff on the Amwelsh Coal Charter Form 1979, as amended by the parties

which required Plaintiff to nominate various cargoes to be carried on vessels provided by the Defendant.

5.  In breach of its obligations under the COA, Plaintiff failed to perform the 4th voyage, which breach has caused a loss to Defendant, Transfield, which the latter is entitled to recover as damages.

6.  The loss arises in the following manner:

   a.  For the 4th voyage under the COA, Plaintiff had agreed to a March 2007 nomination. In order to perform this voyage, Transfield chartered the M.V. "C MARCH" and nominated her to Plaintiff.

   b.  Plaintiff, however, failed to perform the fourth voyage in accordance with the agreed nomination and Defendant had to find alternative employment for the vessel;

   c.  Under the COA, all voyages were from Australia to Continental Europe, with a variety of port options. Defendant considered these voyages as positioning voyages, which would enable Defendant thereafter to charter the vessels on the more lucrative North Atlantic market;

   d.  As a result of Plaintiff's breach of the COA by failing to perform the 4th voyage, Defendant had to seek to mitigate its loss, and thus chartered the M.V. "C MARCH" to non-party, Swissmarine, at US$55,000 per day, for 5-7 months. The total revenue for this charter was US$55,500 x 210 days = US$11,655,000 for 210 days on a gross basis.

   e.  If M.V. "C MARCH" had performed the 4th shipment at the COA rate, the total revenue for this voyage would have been US$8,000 x 60 days = US$480,000 for 60 days on a gross basis.

9

  f. After the performed 4th voyage, the vessel would have been available for charter from continental Europe around May 10, 2007.

  g. At that time, the M.V. "SIDRIS GS" chartered in the market at US$120,000 per day for 3-5 months. The M.V. "C MARCH" would probably have been chartered at about US$12,700 less than the "SIDRIS GS," or at about US$107,300 per day for about 150 days, which would have generated total revenue to Defendant of US$107,300 x 150 days = US$16,095,000 on gross basis.

  h. Had Plaintiff not breached the COA, Defendant would have realized gross revenue during the 210 day period of US$16,575,000 (US$480,000 + US$16,095,000).

  i. The loss suffered by Defendant as a result of Plaintiff's breach of the COA by failing to perform the March 2007 lifting for the "C MARCH" was thus, on the basis of the figures above, US$4,920,000 for 210 days when compared with the revenue obtained from the Swissmarine fixture referenced in paragraph 6(c) of this Counterclaim.

 7. Plaintiff thus expects to recover the following sums on its Counterclaim:

| | | |
|---|---|---|
| a. | Principal claim | US$4,920,000; |
| b. | Interest on principal – 2 years @ 2.95% | US$290,280; |
| | Total: | US$5,210,280 |

 8 All disputes between the Plaintiff and Defendant are subject to arbitration in the City of Paris, France and are subject to French law. Defendant is entitled to recover against Plaintiff on the Counterclaim pursuant to Articles 1134 et seq. of the French Civil Code, which applies to the COA. The Defendant's damages as described herein are the direct consequence of Plaintiff's failure to perform the 4th lifting under the COA.

9. That Defendant would suffer such loss and damage, as above described, was known to Plaintiff, which is an experienced industry professional, and which would as such have known that it was obtaining favorable charter rates under the COA precisely because the voyages thereunder represented to Defendant positioning voyages, which would thereafter enable Defendant to benefit from the higher North Atlantic rates upon the conclusion of each voyage.

**WHEREFORE**, Plaintiff prays:

A. That the Court dismisses the Plaintiff's Amended Verified Complaint;

B. That the Court cites Plaintiff to answer under oath all and singular the matters alleged in the Defendant's Counterclaim;

C. That the Court retain jurisdiction to compel the Plaintiff to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D. That pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing Plaintiff to post countersecurity in the form of a surety bond in the sum of **$5,210,280.00** or other form of security acceptable to Defendant and approved by the Court, failing which the attachment of any and all of Defendant's property attached in this action pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims be immediately vacated;

E. That upon the posting of Plaintiff's posting of Countersecurity in the sum of $5,065,140.00, that this matter be stayed pending arbitration in the City of Paris, France and that this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.   That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the Counterclaim set forth herein as a Judgment of this Court;

G.   That this Court award Defendant its attorney's fees and costs of this action; and

H.   That the Defendant have such other, further and different relief as the Court may deem just and proper.

Dated: October 5, 2007
      New York, NY

                                   The Defendant,
                                   TRANSFIELD ER CAPE LTD.

                          By:_____\s_____
                                Patrick F. Lennon (PL 2162)
                                Nancy R. Peterson (NP 2871)
                                LENNON, MURPHY & LENNON, LLC
                                The GrayBar Building
                                420 Lexington Ave., Suite 300
                                New York, NY 10170
                                (212) 490-6050 – phone
                                (212) 490-6070 – fax
                                pfl@lenmur.com
                                nrp@lenmur.com

**AFFIRMATION OF SERVICE**

I hereby certify that on October 5, 2007, a copy of the foregoing Memorandum of Law in Support of Motion for Counter-Security was filed electronically and served by FedEx, return receipt mail and/or facsimile on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Nancy R. Peterson (NP 2871)