UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FRONT CARRIERS LTD.

                     Plaintiff,     :    07 Civ 6333 (KMK)

   - against -

                                    :    ECF CASE

TRANSFIELD ER CAPE LTD.,

                    Defendant.
-----------------------------------------------------------X

### DECLARATION OF OLIVIER PURCELL IN SUPPORT OF TRANSFIELD ER CAPE LTD'S MOTION TO VACATE MARITIME ATTACHMENT

     Olivier Purcell declares under penalty of perjury of the laws of the United States of America as follows:

     1.    I am a solicitor of the Supreme Court of England and Wales admitted in 1986, an Avocat à la Cour admitted at the Paris Bar in 1993, partner in the firm of Holman Fenwick & Willan since 1990, and act for the Defendant herein, Transfield ER Cape Ltd. ("Transfield") in relation to the dispute that is the subject matter of the action pending before this Court. I am also a member of the French Maritime Law Association, and have written papers and given lectures in particular on maritime and international arbitration law.

     2.    I submit this Declaration based on facts and information known to me personally, as well as documents and information provided to me by Transfield and its representatives, including its New York attorney, Patrick Lennon, all of which I believe to be true and accurate.

3.  I have reviewed in particular the "Affirmation of Gilles Gautier in support of Plaintiff's Opposition to Defendant's Motion to vacate maritime attachment ". This deals essentially with the Defendant's entitlement to seek counter-security, as set out in its "Answer with Affirmative Defences and Counterclaim".

4.  I do not propose to repeat in this Declaration the terms of the Counterclaim, which I understand accurately to set out the loss for which the Defendant will seek damages in the arbitration to be commenced by the Plaintiff before the Chambre Arbitrale Maritime de Paris, in accordance with the Contract of Affreightment dated August 9, 2005 ("CoA"). I have simply been asked to advise on the recoverability by the Defendant of its loss under French law, which governs the CoA, and to comment on Me. Gautier's own Affirmation in this respect.

5.  Articles 1134 et seq. of the French Civil Code, which applies to the CoA, deal with the legal effect of contracts governed by French law. There are various provisions dealing with damages, and in particular articles 1149 et seq.

6.  The general principle is set out at Article 1149, which provides that "the damages due to the creditor are, in general, the loss which he has suffered or the profit of which he has been deprived, subject to the exceptions and modifications hereunder". The principal caveat appears at article 1150, which provides that the debtor is only liable for damages which were foreseen or which were foreseeable at the time of the contract, as Me. Gautier has also indicated. In this respect it does not appear that the parties are in dispute as to the applicable principles.

7.  The question as to whether the loss, for which the Defendant seeks counter-security in New York, and will seek damages in the Paris arbitration, is the consequence of FCL's failure to perform the 4th fixture and would have been foreseeable to FCL, is thus essentially one of fact and evidence.

8.  Me. Gautier appears to agree that the loss claimed by a party must be proven; however this is clearly a question of evidence and fact, upon which Paris arbitrators will be invited to rule in due course.

9. I understand that, as an experienced industry professional, the Plaintiff ought to have realized that it was obtaining favourable rates under the CoA precisely because the voyages thereunder represented positioning voyages, which would thereafter enable Transfield to benefit from the higher North Atlantic rates upon the conclusion of each voyage. On this basis, the loss claimed by the Defendant ought to have been foreseeable to the Plaintiff; if so, such loss ought to be recoverable in accordance with the French Civil Code.

10. Me. Gautier in his Affirmation (in particular at paragraph 29) appears to agree that if the Defendant proves the fixture rate, the resulting loss would be recoverable under French law; there is therefore apparently no dispute as to the principles of French law involved, but rather merely as to the underlying facts and evidence available. I would respectfully submit that this is a question of substance, over which the Paris arbitrators have exclusive jurisdiction, and of which I understand they have now been seised.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on October 26, 2007

_____
OLIVIER PURCELL

374699

## AFFIRMATION OF SERVICE

I hereby certify that on October 26, 2007, a copy of the foregoing Declaration of Olivier Purcell was filed electronically and served by FedEx, return receipt mail and/or facsimile on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: _____
Patrick F. Lennon